UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BRAD RONALD STEVENS, | Civil No. 08-1011 (ADM/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOAN FABIAN, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

In October 1993, Petitioner entered a "no contest" plea in the State District Court for Martin County, Minnesota, to a charge of first degree criminal sexual conduct, in violation of Minn.Stat. § 609.342, Subd. 1(c), Subd. (2). (Petition, [Docket No. 1], p. 1, ¶s 2, 4, and 5.) He was sentenced to 134 months in state prison. (Id., ¶ 3.)

Petitioner did not file a direct appeal following his 1993 state court conviction. (Id., ¶ 8.) However, in 2005, Petitioner filed a post-conviction motion in the state trial court,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

seeking to withdraw his plea.[2] He claimed that his plea and conviction should be set aside based on newly discovered evidence that allegedly could have aided his defense. He further argued that he had received ineffective assistance of counsel during his original trial court proceedings, and that his plea had not been entered knowingly and voluntarily.

The trial court denied Petitioner's post-conviction motion, and he then appealed. The Minnesota Court of Appeals affirmed the trial court's ruling on January 23, 2007. Stevens v. State, No. A06-622 (Minn.App. 2007), 2007 WL 152637 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on April 17, 2007. Id.

There are two additional matters that should be noted. First, in November 2004, the State of Minnesota initiated civil commitment proceedings against Petitioner. According to the Minnesota Court of Appeals, "[a]fter a hearing, the [state] district court ordered an indeterminate civil commitment for [Petitioner] based on the determination that [Petitioner] was a sexually dangerous person as defined by Minn.Stat. § 253B.02, subd. 18c (2004)." Id. at * 1.

It also should be noted that although Petitioner is currently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, he is not currently serving the sentence resulting from his 1993 conviction in Martin County for criminal sexual conduct. According to the present petition, that sentence of 134 months, i.e., eleven years and two

---

[2] Petitioner had filed an earlier post-conviction motion challenging a Minnesota Department of Corrections' policy that caused him to be charged for room and board. That motion was rejected by the trial court and the Minnesota Court of Appeals. (Petition, pp. 2-3, ¶ 11(a).)

months, was imposed in October 1993, which was more than fourteen years ago. Petitioner has filed a memorandum in support of his petition, which confirms that his 134-month sentence has expired. The memorandum refers to an event that allegedly occurred on June 23, 2004, and describes that date as being "six months before the expiration of this sentence." ("Petitioner's Memorandum with Attached Exhibits in Support of Issuance of Writ of Habeas Corpus," [Docket No. 2], p. 5.) This clearly shows that Petitioner's 134-month sentence expired (apparently by the end of December 2004), and that he is no longer serving that sentence. Petitioner's current imprisonment is due to a different sentence, which was imposed in 2003 in Goodhue County, Minnesota, following Petitioner's conviction for another offense. (Id.; Petition, p. 6, ¶ 17.[3])

On April 9, 2008, Petitioner filed his current federal habeas corpus petition. He is presently attempting to challenge his 1993 Martin County conviction for criminal sexual conduct. He claims that his conviction should be vacated, because the prosecution allegedly failed to disclose certain exculpatory evidence. (Id., p. 4, ¶ 12.A.) However, Petitioner's current challenge to his 1993 state court conviction cannot be entertained in a federal habeas corpus action, because he is no longer serving the sentence that resulted from that conviction.

## II. DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only for persons who are '<u>in custody</u> in violation of the

---

[3] A website maintained by the Minnesota Department of Corrections shows that Petitioner is presently incarcerated pursuant to a sentence imposed by the State District Court for Goodhue County, following a conviction for fourth degree criminal sexual conduct.

Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), quoting 28 U.S.C. § 2254(a) (emphasis added by the Supreme Court). The Supreme Court has "interpreted the statutory language [of § 2254(a)] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Id. at 490-91 (emphasis added). Therefore, when a criminal offender has fully served his prison sentence for a particular offense, he cannot thereafter seek federal habeas corpus review of that sentence, or the conviction that caused it.

When Petitioner filed his current petition, he was not serving the 134-month sentence resulting from the 1993 conviction that he is now attempting to challenge. Petitioner's own submissions show that his 134-month state prison sentence for that conviction was fully served, and expired, several years ago. Therefore, Petitioner cannot satisfy the "in custody" requirement imposed by 28 U.S.C. § 2254(a). See Maleng, 490 U.S. at 491 ("[w]e have never held... that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed") (emphasis in the original). Because Petitioner was not serving the sentence imposed for his 1993 Martin County criminal sexual conduct conviction when he filed his current petition, this action must be summarily dismissed for lack of jurisdiction. Love v. Tippy, 128 F.3d 1258, 1258 (8th Cir. 1997) (per curiam); Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam), cert. denied, 516 U.S. 926 (1995); Miles v. Maschener, No. 98-2469 (8th Cir. 1999), 1999 WL 88938 (unpublished opinion).

### III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

    This action be summarily dismissed for lack of jurisdiction.

Dated: April 16, 2008

                                                      s/ Arthur J. Boylan
                                                      ARTHUR J. BOYLAN
                                                      United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before April 30, 2008.