UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

BRAD RONALD STEVENS,                         Civil No. 08-1011 (ADM/AJB)

          Petitioner,

    v.                                                  **REPORT AND RECOMMENDATION**

JOAN FABIAN,

          Respondent.

---

    Brad Ronald Stevens, Minnesota Correctional Facility - Rush City, 7600 525th Street, Rush City, Minnesota, 55069, Petitioner, pro se.

    Attorney Michael D. Trushenski, Assistant Martin County Attorney, 123 Downtown Plaza, Fairmont, Minnesota, 56031, for Respondent.

---

ARTHUR J. BOYLAN, United States Magistrate Judge

    This matter is before the undersigned Magistrate Judge of the District Court on the petition of Brad Ronald Stevens for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been fully briefed by the parties, and referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court concludes that this action must be dismissed for lack of jurisdiction.

## I. BACKGROUND

    In May 1993, a jury in the State District Court for Martin County, Minnesota, found Petitioner guilty of first degree criminal sexual conduct. When that verdict was handed down, Petitioner was also facing two additional charges of first degree criminal sexual conduct in Martin County, stemming from a separate incident involving a different victim.

In September 1993, Petitioner agreed to enter an "Alford plea,"[1] to one of the two charges against him in the second Martin County case.  The other charge in that case was dismissed pursuant to the plea agreement.  The following month, (October 1993), Petitioner was sentenced to 134 months in prison for each of his two criminal sexual conduct convictions in Martin County, to be served concurrently.  (See "Petitioner's Memorandum with Attached Exhibits in Support of Issuance of Writ of Habeas Corpus," [Docket No. 2], p. 4.)

The present record does not disclose the exact date when Petitioner completed his 134-month concurrent prison sentences.  However, Petitioner must have been out of prison by the end of 2002, because he was accused of committing a new sex offense on November 20, 2002, in Goodhue County, Minnesota.  Petitioner was charged with fourth degree criminal sexual conduct in that case, and on March 14, 2003, he entered another Alford plea.  (See "Petitioner's Attached Exhibits," [Docket No. 14], Exh. A.)

Petitioner was sentenced to 36 months in prison, plus ten years of "conditional release," for his 2003 Goodhue County conviction.  (Id.)  Although Petitioner's 36-month prison term was imposed more than five years ago, he was still incarcerated as a result of

---

[1] The Minnesota Court of Appeals has explained Petitioner's Alford plea as follows:

"An Alford plea is entered when a defendant maintains his or her innocence while conceding that there is a substantial likelihood that the evidence would support a jury conviction of the charged offense.  State v. Goulette, 258 N.W.2d 758, 760-61 (Minn.1977) (adopting holding of North Carolina v. Alford, 400 U.S. 25... (1970))."

Stevens v. State, No. A06-622 (Minn.App. 2007), 2007 WL 152637, (unpublished opinion), at *1, n. 1, rev. denied, April 17, 2007.

his 2003 Goodhue County conviction when he filed his current habeas corpus petition in April 2008.  Neither party has fully explained why Petitioner is still incarcerated pursuant to a 36-month sentence that was imposed more than five years ago, but it clearly appears that Petitioner must have somehow violated the terms of the conditional release part of his sentence.  (See "Petitioner's Memorandum With Attached Exhibits," [Docket No. 14], p. 5, (Petitioner is "doing the ten years of conditional release in prison").)[2]

Altogether then, Petitioner has incurred three state court convictions for criminal sexual conduct – (1) the 1993 Martin County jury trial conviction, (2) the 1993 Martin County Alford plea conviction, and (3) the 2003 Goodhue County conviction.

In November 2004, the State of Minnesota brought an action against Petitioner to have him civilly committed as a "Sexually Dangerous Person" under Minnesota law.  See Minn.Stat. 253B.02.  A trial was held in March 2005, and "in July 2005, he was indeterminately committed."  Stevens v. Ludeman, No. A07-1195, (Minn. App. 2008), 2008 WL 2574475, (unpublished opinion) at *1, rev. denied, Sept. 23, 2008.

In the present habeas corpus action, Petitioner is challenging only the second of his three criminal convictions, i.e., the 1993 Martin County Alford plea conviction.  He did not challenge that conviction on direct appeal, but he did challenge that conviction in a post-conviction motion filed in the trial court in 2005.  Petitioner argued that his 1993 Martin County Alford plea conviction should be vacated based on certain "newly discovered

---

[2]   A website maintained by the Minnesota Department of Corrections, (http://www.corr.state.mn.us), clearly shows that Petitioner is still serving the sentence imposed in 2003 for his fourth degree criminal sexual conduct conviction in Goodhue County.  According to the website, Petitioner's current "anticipated release date" is November 21, 2014.

evidence" that came to light during his civil commitment case.  He also argued that he had received ineffective assistance of counsel during the original trial court proceedings that culminated in his 1993 Alford plea.

The trial court denied Petitioner's post-conviction motion, and he appealed.  The Minnesota Court of Appeals rejected all of Petitioner's post-conviction claims for relief, and the Minnesota Supreme Court denied his subsequent petition for further review.  Stevens v. State, No. A06-622 (Minn.App. 2007), 2007 WL 152637, (unpublished opinion), rev. denied, April 17, 2007.

Petitioner then filed his current federal habeas corpus challenge to his 1993 Martin County Alford plea conviction.  His petition presents a single ground for relief – that the State failed to disclose certain exculpatory evidence, which supposedly could have induced him to go to trial, rather than entering his Alford plea.  (Petition, [Docket No. 1], p. 4, § 12.)[3]

This Court previously reviewed Petitioner's habeas corpus petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, and concluded that the petition should be summarily denied, because Petitioner is not currently "in custody" as a result of the conviction he is challenging, (i.e.,  the 1993 Martin County

---

[3] Because the Court lacks jurisdiction in this matter, (for reasons discussed below), Petitioner's "exculpatory evidence" claim cannot be adjudicated on the merits – even though that might be the easiest way to resolve this case.  Petitioner claims that the prosecution failed to disclose certain evidence obtained from the victim, and certain information about the police investigation of the crime.  However, he has offered no reason to think that any of the allegedly undisclosed evidence or information would have established his innocence.  During Petitioner's civil commitment proceedings, the victim of the offense testified under oath that Petitioner sexually assaulted her.  (See Petitioner's Exhibits, [Docket No. 3], Exh. G, Transcript pp. 201-04.)  Petitioner has not shown that the allegedly undisclosed evidence or information would have proven that the victim must have been lying, and that he could not have assaulted her.  Simply put, Petitioner has not shown that any of the evidence at issue actually is exculpatory.

Alford plea conviction).  In a Report and Recommendation, ("R&R), dated April 16, 2008, (Docket No. 4), the Court recommended that this action be summarily dismissed for lack of jurisdiction.  Petitioner filed objections to the R&R, (Docket No. 5), which raised some new facts and arguments pertinent to the "in custody" issue.  The District Court Judge therefore declined to adopt the previous R&R, and remanded the case to this Court for further consideration.  (Order dated May 6, 2008; [Docket No. 7].)

Respondent was then directed to file a written answer to Petitioner's habeas corpus. Respondent's answer, (Docket No. 11), raises the "in custody" issue anew.  Based on the now more complete record, and more fully-developed legal arguments, the Court again finds that when this action was commenced, Petitioner was not "in custody" pursuant to the conviction that he is challenging.  Therefore, the Court will again recommend that this action be dismissed for lack of jurisdiction.

## II.  DISCUSSION

28 U.S.C. § 2254(a) requires that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam).  The "in custody" requirement is a jurisdictional requirement.  Id. at 490.  If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, then the petition must be summarily dismissed for lack of jurisdiction.  Charlton v. Morris, 53 F.3d 929, 929 (8th Cir.) (per curiam) ("District Court was without jurisdiction to address the merits of... section 2254 petition because [the petitioner]... was no longer 'in custody' for his state conviction"), cert. denied, 516 U.S. 926 (1995).  See also United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559-60 (3rd Cir. 1971) ("the sine qua non of federal habeas

corpus jurisdiction is that petitioner be 'in custody'"), <u>cert</u>. <u>denied</u>, 409 U.S. 853 (1972).

If the statutory "in custody" requirement is satisfied, and jurisdiction therefore exists when a habeas case is filed, the court's <u>jurisdiction</u> is not extinguished by the petitioner's later release from custody. <u>Carafas v. LaVallee</u>, 391 U.S. 234 (1968). However, a habeas case can be rendered <u>moot</u> if the petitioner is released from custody while his petition is still pending, if the petitioner's release effectively provides all of the relief he is seeking. If, for example, a habeas petitioner is challenging only the length of his sentence, and not the validity of his conviction, then his final and unconditional release from custody normally will render his petition moot, because his release has provided all the relief he was seeking. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7-8 (1998).

But if a habeas petitioner is challenging the validity of his conviction, (and not just the length of his sentence), then his release from prison will <u>not</u> cause his petition to be moot, because there are "collateral consequences" of the conviction that will continue to affect the petitioner even after his release from custody. In <u>Carafas</u>, <u>supra</u>, the Supreme Court held that the collateral consequences of a conviction can keep a habeas case from becoming moot after the petitioner is released. The Court explained:

> "It is clear that petitioner's cause is not moot. In consequence of his conviction, he cannot engage in certain businesses;... he cannot serve as an official of a labor union for a specified period of time;... he cannot vote in any election held in New York State;... he cannot serve as a juror.... Because of these 'disabilities or burdens (which) may flow from' petitioner's conviction, he has 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' On account of these 'collateral consequences,... the case is not moot."

391 U.S. at 237-38 (footnotes and citations omitted). <u>See</u> <u>also</u> <u>Maleng</u>, 488 U.S. at 491-92 (a habeas petitioner's unconditional discharge from custody while the case is pending does

not preclude a court from considering the constitutionality of his conviction, because "the 'collateral consequences' of the petitioner's conviction – his inability to vote, engage in certain businesses, hold public office, or serve as a juror – prevent[ ] the case from being moot").

It is important to recognize that the collateral consequences of a conviction can prevent a habeas case from becoming <u>moot</u> if the habeas petitioner is released from custody while his petition is still pending, <u>but collateral consequences alone will not satisfy the jurisdictional "in custody" requirement</u>.   <u>Maleng</u>, 490 U.S. at 492 ("the collateral consequences of [a] conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it").  This point is critical, (and apparently not apprehended by Petitioner), and it warrants repeating: The collateral consequences of a conviction, i.e., consequences that survive a habeas petitioner's release from custody, can prevent a habeas case from becoming moot if a petitioner is released from custody while his petition is pending.  <u>Carafas</u>, <u>supra</u>.  But in order to satisfy the jurisdictional "in custody" requirement, the petitioner must be "in custody" for the conviction he is challenging when he files his petition.  <u>Maleng</u>, <u>supra</u>.  If the petitioner is not "in custody" when he files his petition, any still-remaining collateral consequences of his conviction alone will <u>not</u> satisfy the jurisdictional "in custody" requirement.

It is also well-settled that a habeas petitioner need not be literally locked behind bars in order to satisfy the jurisdictional "in custody" requirement.  A person who has been released from prison, but remains subject to the restrictions of parole, is considered to be "in custody" for habeas purposes.  <u>Jones v. Cunningham</u>, 371 U.S. 236 (1963).  Similarly, a person who is released from custody while awaiting trial, either on bail or on "his own

recognizance," is considered to be "in custody," because of the significant restrictions on his freedoms.  Hensley v. Municipal Court, 411 U.S. 345, 351 (1973) (concluding that "a person released on bail or on his own recognizance may be 'in custody' within the meaning of the statute").

In the present case, Respondent contends that Petitioner was not "in custody," pursuant to the conviction that he is attempting to challenge, (i.e., the 1993 Martin County Alford plea conviction), when he filed his current petition.  According to Respondent, Petitioner's sentence for the challenged conviction had fully expired long before this action was filed.  Petitioner does not deny that his sentence was fully served and expired before this action was commenced.[4]  Petitioner contends, however, that even though his sentence for his 1993 Martin County Alford plea conviction was fully served and expired before this action was commenced, he has still satisfied the § 2254(a) "in custody" requirement.

Petitioner has offered two arguments to support his contention that he meets the "in custody" requirement.  First, Petitioner contends that he is still "in custody" for the conviction at issue in this case, because that conviction compelled him to register as a sex offender under Minnesota's predatory offender registration law.  Minn.Stat. § 243.166.  Second, Petitioner contends that he is still "in custody" for the conviction at issue, because the sentence that he is currently serving, (i.e., the sentence imposed for his 2003 Goodhue

_____

[4]  As noted in the prior R&R in this case, Petitioner has acknowledged, at least implicitly, that his sentence for his 1993 Martin County Alford plea conviction was fully served and expired before he brought this action.  Petitioner's original memorandum in support of his petition refers to an event that allegedly occurred on June 23, 2004, and describes that date as being "six months before the expiration of this sentence." ("Petitioner's Memorandum with Attached Exhibits in Support of Issuance of Writ of Habeas Corpus," [Docket No. 2], p. 5.)  This shows that Petitioner's sentence must have expired six months after June 23, 2004 – i.e., on or about December 23, 2004.

County conviction), was affected, and enhanced, by the conviction challenged here, and, in addition, his civil commitment as a predatory offender was directly affected by the conviction challenged here.  Both of these arguments must be rejected.

      A.  <u>Sex Offender Registration is a "Collateral Consequence" – Not Custody</u>

Petitioner claims that he is still "in custody" for his 1993 Martin County Alford plea conviction, because that conviction forced him to register as a sex offender under Minnesota law, and he was still subject to the sex offender registration law when he filed his current habeas petition.  Petitioner points out that the registration law requires him to "register his... motor vehicle,... primary address,... school,... secondary address,... treatment facility,... [and] his work."  (Objection to Report and Recommendation, [Docket No. 5], p. 5.)  Thus, according to Petitioner, being forced to register as a sex offender is indistinguishable from being released on parole, and, since being on parole satisfies the "in custody" requirement, (<u>Jones</u>, <u>supra</u>), it necessarily follows that being a registered sex offender must also satisfy the "in custody" requirement.  Although this argument is not wholly illogical, it has been roundly rejected by the courts.  In fact, it appears that Petitioner's argument has been considered by more than a dozen courts, and it has been universally rejected in every case.

The Ninth Circuit Court of Appeals was the first court to consider whether being a registered sex offender, like being a parolee, could satisfy the "in custody" requirement.  In <u>Williamson v. Gregoire</u>, 151 F.3d 1180 (9th Cir. 1998), <u>cert</u>. <u>denied</u>, 525 U.S. 1081 (1999), the Court considered a habeas petition that was filed by a former Washington state prisoner.  The petitioner, Williamson, had been convicted of first degree child molestation in 1990.  He had completed his sentence for that offense by August 1994, but as a result

of his conviction, he was required to register as a sex offender under Washington law.  Id. at 1181.  In August 1995, Williamson filed a federal habeas corpus petition challenging his 1990 child molestation conviction.   The district court concluded that even though Williamson had completed his sentence for his 1990 conviction, he still met the § 2254(a) jurisdictional "in custody" requirement, because that conviction required him to register as a sex offender.  Id. at 1182.  Williamson's petition ultimately was denied because his claims were found to be procedurally defaulted, and he then appealed.

On appeal, the Ninth Circuit found it necessary to first address the threshold jurisdictional issue of whether Williamson did indeed satisfy the statutory "in custody" requirement because he was required to register as a sex offender.  Id.  The Court had to decide the same issue presented here, i.e., whether a convicted sex offender "who has completed his sentence, but who is required to register as a sex offender under state law, [is] 'in custody' for purposes of federal habeas corpus."  Id.

The Court noted that Williamson, (much like Petitioner here), was required to "register with the county sheriff for the county of his residence, and provide his name, address, date and place of birth, place of employment, crime for which he was convicted, date and place of conviction, any aliases used, and his social security number."  Id. at 1181.  He was required to verify his address annually, and if he moved, he was required to notify the sheriff for the county where he would be living 14 days before moving.  Id.  If he moved out of state, he was required to notify the sheriff for the county from which he was departing "within 10 days of the move."  Id.  If he attended "an institution of higher education," he was required to "notify the institution's department of public safety."  Id.  If Williamson failed to comply with the sex offender registration law, he could be charged with

a felony or misdemeanor, (depending on the nature of his underlying conviction).  Id.

The Court's opinion in Williamson cites the Supreme Court's decisions in Jones and

Hensley, and the Court readily acknowledged that a habeas petitioner need not actually be

incarcerated in order to satisfy the § 2254(a) "in custody" requirement.  However, the Court

also pointed out that --

> "even as the Supreme Court has expanded the reach of the 'in custody'
> requirement, it has consistently recognized a clear limitation: '[O]nce the
> sentence imposed for a conviction has completely expired, the collateral
> consequences of that conviction are not themselves sufficient to render an
> individual 'in custody' for the purposes of a habeas attack upon it.'"

Id. at 1183, quoting Maleng, 490 U.S. at 492 (emphasis added).

After examining Jones, Hensley, Maleng, and several other relevant cases, the Ninth

Circuit determined that –

> "The question before us, then, is how to characterize the Washington sex
> offender law.  If it is a genuine restraint on liberty, then Williamson is 'in
> custody' and we may consider the merits of his habeas petition.  But if
> application of the sex offender law is merely a collateral consequence of
> Williamson's conviction, the federal courts are without habeas jurisdiction in
> this case."

Id. (emphasis added).

The Court then proceeded to analyze and decide whether the requirements of the

sex offender registration law imposed sufficient restraints on Williamson's liberty so that he

was "in custody" for habeas corpus purposes, or whether those requirements were merely

"collateral consequences" of Williamson's prior conviction, which did not satisfy the "in

custody" requirement.  The Court recognized that the law "might create some kind of

subjective chill on Williamson's desire to travel," (id. at 1184), and that he could be

criminally prosecuted and sent to prison if he did not comply with the registration

requirements of the sex offender statute.  However, the Court also noted the sex offender statute did not "target Williamson's movement," or "demand his physical presence at any time or place."  Id.

The Ninth Circuit ultimately concluded in Williamson that the "sex offender registration law create[d] a mere collateral consequence of conviction," and the law did "not place Williamson 'in custody' for purposes of federal habeas corpus."  Id.  Williamson's habeas case was therefore summarily dismissed for lack of jurisdiction.

Williamson is not an aberration.  As far as the Court can tell, each and every federal court that has considered the issue has concluded that the burdens and requirements of sex offender registration laws are merely collateral consequences of a conviction, and they do not cause a registered sex offender to be "in custody" for purposes of § 2254(a).  See e.g., Lannet v. Frank, No. 04-C-522-C (W.D.Wis. 2004), 2004 WL 1774658 (requirements of Wisconsin sex offender registration law do not cause habeas petitioner to be "in custody"); Caires v. Iramina, No.  No. 08-110 (D.Hawaii 2008), 2008 WL 2421640 (same for Hawaii's sex offender registration law); Davis v. Nassau County, 524 F.Supp.2d 182, 187-89 (E.D.N.Y. 2007) (same for New York's and Oklahoma's sex offender registration laws); Ali v. Carlton, No. 2:04-CV-398 (E.D.Tenn. 2005), 2005 WL 1118066 (same for Tennessee's sex offender registration law);  Leslie v. Randle, 296 F.3d 518 (6th Cir. 2002) (same for Ohio's sex offender registration law); Shepherd v. New Jersey, No. 06-5283 (JLL), (D.N.J. 2006), 2006 WL 3359718 (same for New Jersey's sex offender registration law);  Johnson v. Ashe, 421 F.Supp.2d 339, 342-43 (D.Mass. 2006) (same for Massachusetts sex offender registration law).  See also Henry v. Lungren, 164 F.3d 1240, 1242 (9th Cir.) (applying Williamson rule to habeas petitioner who was required to comply

12

with California's sex offender registration law, even though California law was "more restrictive" than the Washington law at issue in <u>Williamson</u>), <u>cert</u>. <u>denied</u>, 528 U.S. 963 (1999); <u>McNab v. Kok</u>, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon sex offender registration law, like Washington's and California's, does not place registrants "in custody" for federal habeas purposes).   Petitioner has not identified, and this Court has not been able to locate, a single case in which a court found that a habeas petitioner satisfied the § 2254 "in custody" requirement, simply because he was subject to the requirements of a sex offender registration law.[5]

Petitioner has argued that the requirements of Minnesota's sex offender registration statute are "collateral consequences" of his 1993 Martin County Alford plea conviction. That may well be true.   However, as the Court has explained above, the collateral consequences of a conviction alone do <u>not</u> satisfy the "in custody" requirement.   To satisfy that requirement, Petitioner would have to show that the sex offender registration law imposes the type of physical restraints on his movements that effectively cause him to be "in custody."   It appears that, to date, no sex offender registration statute has ever been found to impose such restraints.   The Court is unable to identify anything unique in

---

[5]   Even the case that Petitioner called to the Court's attention in a special supplemental submission does not support his position. (<u>See</u> "Notice of Motion and Motion to Supplement Authority;" [Docket No. 16].)   In that case, <u>Fowler v. Sacramento County Sheriff's Dept.</u>, 421 F.3d 1027 (9th Cir. 2005), the Ninth Circuit pointed out that the habeas petitioner was "in custody" only because he was on probation when he filed his petition, and <u>not</u> because he was subject to sex offender registration requirements.   The Court implicitly reaffirmed <u>Williamson</u>'s ruling that being subject to a sex offender registration requirement "is merely a collateral consequence of conviction and does not itself satisfy the requirement for habeas relief that the petitioner be 'in custody.'" <u>Id</u>. at 1033.   Thus, <u>Fowler</u> provides no support for Petitioner's "in custody" argument, and, in fact, it directly supports this Court's resolution of the "in custody" issue.

Minnesota's sex offender registration law that would distinguish it from similar laws in other states.  The Minnesota law obviously places special burdens on Petitioner that are not imposed on the general population, and, as a result, Petitioner must feel some unwelcome restraints on his freedoms that are not felt by other citizens.   However, the burdens imposed by Minnesota's sex offender registration law are merely collateral consequences of being a convicted sex offender.  Those burdens alone do not cause a sex offender to be "in custody" for purposes of § 2254(a).

Petitioner has raised one additional argument that warrants brief discussion.  He contends that Minnesota's sex offender registration law causes him to be "in custody" for federal habeas purposes, because registered sex offenders allegedly are banned "from living in specific areas of certain cities."   ("Petitioner's Memorandum With Attached Exhibits," [Docket No. 14], p. 3.)  This argument is rejected for several reasons.  First, Petitioner's argument is wholly unsubstantiated.  He has not cited any specific ordinances that would keep him from entering any part of any city.  Second, Petitioner has not shown that the alleged "banning ordinances" would create such a new and materially different type of burden that they would effectively change sex offender registration laws from "collateral consequences" into "custody."  Third, the alleged "banning ordinances" cited by Petitioner presumably apply to targeted sex offenders from all states, not just Minnesota, which would mean – contrary to the many decisions cited above – that registered sex offenders from other states are "in custody" for federal habeas purposes.  In other words, if Petitioner's argument were accepted, then <u>every</u> state registration law presumably would place certain sex offenders "in custody," because every such law would cause certain sex offenders to be banned "from living in specific areas of certain cities."  This Court is unwilling to accept

14

an argument that would have such a broad, far-reaching effect, and would contradict the rulings of so many other courts across the country.

      B.  <u>Subsequent Sentence and Civil Commitment Do Not Satisfy "In Custody"</u> <u>Requirement for the Challenged Conviction</u>

      Petitioner also contends that he satisfies the § 2254(a) "in custody" requirement, because (a) the sentence he is now serving, (resulting from his 2003 Goodhue County conviction), was enhanced by the conviction he is challenging here, and (b) his outstanding civil commitment judgment was based, in part, on the conviction that he is challenging here. Petitioner bases this argument on <u>Maleng</u>, and the Supreme Court's later decision in <u>Lackawanna County District Attorney v. Coss</u>, 532 U.S. 394 (2001).

      A casual reading of <u>Maleng</u> and <u>Coss</u> might seem to suggest, (as Petitioner believes), that a habeas petitioner can satisfy the "in custody" requirement for an expired conviction and sentence, if that conviction affected a later judgment for which the petitioner is currently confined.  However, that is not what either <u>Maleng</u> or <u>Coss</u> actually says.

      In <u>Maleng</u>, a habeas petitioner was attempting to challenge a 1958 conviction, which caused him to receive an enhanced sentence for a 1978 conviction.  The sentence for the 1958 conviction had been fully served when the petitioner filed his petition.  The Supreme Court ruled that the petitioner was therefore not "in custody" for the 1958 conviction, and he could not challenge that conviction directly in a habeas petition brought under § 2254. However, the Court further ruled that Petitioner was "in custody" for his 1978 conviction, and that he could seek federal habeas corpus review of that conviction.  By <u>construing</u> the petitioner's habeas petition "with the deference to which <u>pro</u> <u>se</u> litigants are entitled," the Court found that the petition could "be read as asserting a challenge to the 1978 sentences,

as enhanced by the allegedly invalid prior [1958] conviction." <u>Maleng</u>, 490 U.S. at 493.  In other words, the petitioner could <u>not</u> satisfy the jurisdictional "in custody" requirement if he attempted to challenge his 1958 conviction <u>directly</u>, but he could satisfy the "in custody" requirement if (but only if) his petition was <u>construed to be</u> a challenge to his still uncompleted 1978 conviction and sentence.

<u>Coss</u> presented a similar scenario.  The habeas petitioner in that case was convicted of assault in 1986, and again in 1990.  The 1986 conviction arguably affected the sentence the petitioner received for his 1990 conviction.  In 1994, the petitioner filed a habeas corpus petition challenging his 1986 conviction.  By that time, the sentence for the 1986 conviction had been fully served, but the sentence for the 1990 conviction had not yet expired.  Therefore, in accordance with <u>Maleng</u>, the habeas petition was "construed as 'asserting a challenge to the [1990] senten[ce], as enhanced by the allegedly invalid prior [1986] conviction.'" <u>Coss</u>, 532 U.S. at 401-02, quoting <u>Maleng</u>, 490 U.S. at 493.  Construing the petition as a challenge to the 1990 conviction allowed the petitioner to satisfy the "in custody" requirement.

However, the Supreme Court ultimately concluded in <u>Coss</u> that even though the petitioner satisfied the "in custody" requirement, (because his habeas petition was construed to be challenge to the 1990 sentence that had not yet expired), his challenge to his 1986 conviction still could not be entertained.  The Court summarized its ruling in <u>Coss</u> as follows:

> "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as <u>conclusively valid</u>.... [Citation omitted.]  If that conviction is later used to enhance a criminal sentence, <u>the defendant</u>

16

> generally may not challenge the enhanced sentence through a petition under
> § 2254 on the ground that the prior conviction was unconstitutionally
> obtained."

Coss, 532 U.S. at 403-04 (emphasis added).

Maleng and Coss show that the present Petitioner cannot satisfy the "in custody" requirement for his 1993 Martin County Alford plea conviction, because his sentence for that conviction was fully served before he brought this action.  Therefore, Petitioner cannot challenge that conviction directly in a federal habeas corpus petition, as his current petition purports to do.  (See Petition, [Docket No. 1], p. 1, ¶s 1-5.)  However, Petitioner is "in custody" for his 2003 Goodhue County conviction, and also, apparently, pursuant to his civil commitment case.  Thus, it appears that he could meet the "in custody" requirement with regard to those two cases.  Furthermore, the current petition could be construed – in the manner approved by Maleng and Coss – as a challenge to Petitioner's 2003 Goodhue County conviction and/or his civil commitment judgment.  If the current petition were construed in that manner, then the "in custody" requirement would be satisfied, and the Court would have jurisdiction in this case.  However, the Court will not construe the current petition to be a challenge to Petitioner's 2003 Goodhue County conviction, or his civil commitment, because doing so would be extremely detrimental to Petitioner.

Federal habeas corpus law requires that state prisoners normally must bring all of their habeas corpus claims, related to any one state court judgment, in a single petition. There are only a few, very narrowly-defined types of claims that can be raised in a "second or successive" habeas petition.  28 U.S.C. § 2244(b)(2).  Therefore, if the current petition were construed to be a challenge to the judgment entered either in Petitioner's 2003 Goodhue County case, or in his civil commitment case, Petitioner would lose the

opportunity to seek further habeas review of that judgment in a future action.

It would be a grievous mistake for Petitioner to ask to have his current petition construed to be a challenge to his 2003 Goodhue County conviction, or his civil commitment, so that his current petition could satisfy the "in custody" requirement, because he might someday want to seek federal habeas review of those matters on grounds other than those presented in his current petition. If the current petition were to be construed as a challenge to the judgments entered in those other matters, Petitioner would then have had his 'one bite at the apple,' i.e., his one chance for federal habeas review, and he would not be able to challenge those judgments in a subsequent federal habeas petition.

Furthermore, even if the current petition were construed to be a challenge to a judgment for which Petitioner currently is "in custody," the petition still would be summarily dismissed, without reaching the merits of Petitioner's claims. That outcome is dictated by Coss.

In Coss, the jurisdictional "in custody" requirement was satisfied by construing the petitioner's habeas corpus petition as a challenge to his later conviction and sentence, rather than his earlier, fully-served, conviction and sentence. As previously noted, however, the Supreme Court ultimately concluded that even though the jurisdictional "in custody" hurdle had been cleared, the petitioner's challenges to his prior conviction and sentence still could not be adjudicated on the merits. The Court held that where a prior conviction "is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." Coss, 532 U.S. at 403-04. In other words, "although federal courts may exercise jurisdiction over habeas petitions that attack

18

expired convictions used to enhance a [later] sentence, the Supreme Court has said that [such petitions] generally <u>do not state a cognizable legal claim</u>." <u>Godfrey v. Dretke</u>, 396 F.3d 681, 685 (5th Cir.), <u>cert</u>. <u>denied</u>, 546 U.S. 880 (2005) (emphasis added).

The rule adopted in <u>Coss</u> is clear: After a sentence has been fully served, the conviction that caused that sentence is not subject to federal habeas corpus review, even if that conviction enhanced a later sentence, (or otherwise affected a later proceeding), for which the petitioner is still in custody. Although the Supreme Court considered several possible exceptions to this rule, only one exception was adopted, which was explained as follows:

> "[W]e recognize an exception to the general rule for § 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335... (1963).  The special status of <u>Gideon</u> claims in this context is well established in our case law.... [¶]  [T]he 'failure to appoint counsel for an indigent [is] a <u>unique</u> constitutional defect ... ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations."

<u>Coss</u>, 532 U.S. at 404 (citations omitted) (emphasis added).  Thus, if a habeas petitioner challenges the constitutionality of a prior conviction, for which his sentence has been fully served, the petition must be summarily dismissed, unless the petitioner claims that he was wholly deprived of his right to appointed counsel, as guaranteed by <u>Gideon v. Wainwright</u>.[6]

---

[6]   The Court considered at least two additional exceptions to the rule adopted in <u>Coss</u>, which would have allowed federal habeas courts to consider (1) constitutional claims that the state courts refused to decide, "without justification," and (2) claims based on "compelling evidence that [the petitioner] is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner."  <u>Coss</u>, 532 U.S. 405.  However, only three justices approved of these additional exceptions, so they were not actually adopted.  Moreover, these exceptions could not aid Petitioner in any event, because he has not cited any constitutional claims that the Minnesota state courts refused

In this case, Petitioner has not presented a <u>Gideon</u>-based challenge to his 1993 Martin County Alford plea conviction, and he was, in fact, represented by counsel in that matter. <u>Stevens</u>, 2007 WL 152637 at *4. Therefore, Petitioner does not qualify for the only exception to the rule of <u>Coss</u>.

In sum, Petitioner could satisfy the "in custody" requirement, if his current petition were construed to be a challenge to his 2003 Goodhue County conviction, (for which he is currently confined), or his civil commitment, (for which he apparently will be confined in the future). However, if the current petition were construed in that fashion, Petitioner would forfeit his sole opportunity to seek federal habeas review of one or both of those cases. Furthermore, it would serve no useful purpose to construe the current petition as a challenge to Petitioner's present or future custody, because even though that would allow Petitioner to satisfy the "in custody" requirement, his claims for relief would nevertheless be barred by the rule adopted in <u>Coss</u>. According to <u>Coss</u>, with the exception of a <u>Gideon</u> claim, (which Petitioner does not have), habeas review is not available for a fully-expired conviction and sentence, even if the conviction has directly affected a later case, by causing a sentence enhancement or otherwise. Thus, it would be grossly prejudicial to Petitioner to construe his current petition as a challenge to his 2003 Goodhue County conviction, or his civil commitment judgment, and the Court therefore will not do so.[7]

---

to consider "without justification," and he has not offered any "compelling evidence" which shows that he must, in fact, be "actually innocent" of the crime for which he was convicted.

[7] If Petitioner files an objection to this R&R, and insists therein that he wants his current petition to be construed as a challenge to his 2003 Goodhue County conviction, or his civil commitment judgment, (in order to satisfy the jurisdictional "in custody" requirement), then the Court would recommend that jurisdiction should be found to exist, and that this action should be summarily dismissed, <u>with prejudice</u>, pursuant to <u>Coss</u>.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that when Petitioner commenced this action, he was not "in custody" for the conviction that he is challenging.  That conviction may have precipitated Petitioner's status as a registered sex offender under Minnesota law, but being a registered sex offender is, at most, a collateral consequence of the conviction, which, by itself, does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  Furthermore, the Court will not construe the current petition to be a challenge to Petitioner's subsequent criminal conviction or civil commitment, because doing so would preclude Petitioner from seeking federal habeas relief in those matters in the future; and even if the current petition were construed to satisfy the "in custody" requirement, Petitioner's current claims for relief would be barred by <u>Coss</u>.  Because Petitioner cannot satisfy the "in custody" requirement for the conviction he is attempting to challenge, the Court will recommend that this action be dismissed for lack of jurisdiction.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be DISMISSED FOR LACK OF JURISDICTION.

Dated: October 24, 2008

   s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 7, 2008.