UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brad Ronald Stevens,

                Petitioner,         **MEMORANDUM OPINION
                                                AND ORDER**
v.                                               Civil No. 08-1011 ADM/AJB

Joan Fabian,

                Respondent.

_____

Brad Ronald Stevens, pro se.

Michael D. Trushenski, Esq., Assistant Martin County Attorney, Fairmont, Minnesota for Respondent.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge to consider Petitioner Brad Ronald Stevens' ("Stevens") Objections [Docket No. 23] to Magistrate Judge Arthur J. Boylan's Report and Recommendation [Docket No. 18] ("R&R") in addition to Stevens' Motion to Stay the Writ of Habeas Corpus [Docket No. 19]. The R&R recommends that Stevens' Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed for lack of jurisdiction. For the reasons set forth below, the Objections are overruled, the R&R is adopted and the Motion to Stay is denied as moot.

## II. BACKGROUND

Stevens filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Martin County, Minnesota in 1993 after entering an Alford plea to

first degree criminal sexual conduct.[1]  Petition at 2-4.  Stevens was sentenced to 134 months in prison for the Martin County offense.  Mem. in Supp. of Writ of Habeas Corpus [Docket No. 2] at 4.  While the record is unclear as to the exact date of Stevens' release from custody on that charge, it appears that Stevens served that term of imprisonment and was released because he was accused of fourth degree criminal assault on November 20, 2002 in Goodhue County, Minnesota.  Petitioner Mem. [Docket No. 14], Ex. A.  On March 14, 2003, he entered an Alford plea in Goodhue County and was later sentenced to a 36-month prison term and ten years of conditional release.  Id.  Stevens appears to have violated the terms of his conditional release because he is currently incarcerated on his 2003 Goodhue County conviction.[2]  Based on the two Alford plea convictions and a 1993 jury conviction of first degree criminal sexual conduct in Martin County, the State of Minnesota civilly committed Stevens in 2005 as a "Sexually Dangerous Person" pursuant to Minnesota Statute § 253B.02.  Stevens v. Ludeman, No. A07-1195, 2008 WL 2574475, at *1 (Minn. Ct. App. July 1, 2008), review denied (Minn. Sept. 23, 2008).

---

[1] The Minnesota Court of Appeals explained Stevens' Alford plea as follows:

> An Alford plea is entered when a defendant maintains his or her innocence while conceding that there is a substantial likelihood that the evidence would support a jury conviction of the charged offense. State v. Goulette, 258 N.W.2d 758, 760-61 (Minn. 1977) (adopting holding of North Carolina v. Alford, 400 U.S. 25 (1970).

Stevens v. State, No. A06-622, 2007 WL 152637, at *1, n.1 (Minn. Ct. App. Jan. 23, 2007), Review denied (Minn. Apr. 17, 2007).

[2] The Minnesota Department of Corrections indicates that Stevens is still serving the sentence imposed pursuant to his 2003 conviction and has an "anticipated release date" of November 21, 2014.  See http://www.corr.state.mn.us (last accessed January 21, 2009).

In July 2005, Stevens petitioned for post conviction relief in state court challenging the 1993 Alford plea conviction. Stevens, 2007 WL 152637, at *1. Stevens argued in that petition that his 1993 Alford plea conviction should be vacated based on "newly discovered evidence" disclosed during his civil commitment case. Id. at *2. The Court of Appeals rejected Stevens' post-conviction claims, and the Minnesota Supreme Court denied further review. Id.

Stevens filed this habeas petition to challenge the 1993 Alford plea conviction on the sole ground that the state failed to disclose exculpatory evidence that may have enabled Stevens to stand trial rather than plead guilty. Petition at 4. On April 16, 2008, Judge Boylan recommended that the Petition be dismissed for lack of jurisdiction because Stevens was no longer "in custody" on his 1993 Alford plea conviction. April 16, 2008 R&R [Docket No. 4] at 4-5. Stevens filed Objections [Docket No. 5] raising new facts, and this Court remanded the case to Judge Boylan for further consideration. May 6, 2008 Order [Docket No. 7] at 1. Judge Boylan has now considered Stevens' additional evidence and again recommends that the Court dismiss Stevens' petition for lack of jurisdiction since Stevens is not "in custody" as a result of his 1993 Alford plea conviction. Judge Boylan also recommends that if Stevens wishes to argue that he is "in custody" because the 1993 Alford plea conviction enhanced his sentence in the 2003 conviction or resulted in the 2005 civil commitment, the petition should be denied with prejudice.

### III. DISCUSSION

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b). A district judge "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

To be eligible for habeas relief pursuant to 28 U.S.C. § 2254, the petitioner must be "'in custody' as a result of the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). While there are situations in which the petitioner may satisfy the "in custody" requirement even when no longer physically confined, such as a term of supervised release, a petitioner is not "'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Id. at 491. If the petitioner is not "in custody" on the date his petition is filed, it must be dismissed for lack of jurisdiction. See Charlton v. Morris, 53 F.3d 929 (8th Cir. 1995) (per curiam).

Stevens argues that he was "in custody" when his petition was filed, thus establishing federal jurisdiction for two reasons. First, as a result of his 1993 Alford plea conviction, he was required to register as a Sex Offender, which he argues is a collateral consequence entitling him to habeas relief. If a petitioner is "in custody" at the time the petition is filed, a collateral consequence will prevent a court from dismissing the petition as moot. Cafaras v. LaVallee, 391 U.S. 234, 237-38 (1968). Judge Boylan thoroughly considered this claim and found that registering as a sex offender is not a collateral consequence satisfying the "in custody" requirement for habeas relief pursuant to 28 U.S.C. § 2254. See R&R at 5-15. Stevens has not objected to Judge Boylan's findings and the Court adopts Judge Boylan's reasoning in full.

Stevens' second argument, and the basis for his current objection, is that he is "in custody" because (1) his 2003 Goodhue County sentence, which he is currently serving, was enhanced by the 1993 Alford plea conviction challenged in this petition, and (2) his civil

commitment was partially based on that conviction as well. Petitioner Mem. at 5-7. He relies for authority on Maleng and Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), in which the Court determined that a petitioner may be "in custody" for an earlier conviction when he filed a habeas petition while in prison for a later crime that may have been enhanced by the prior conviction. Judge Boylan found that the rule in Maleng and Coss might apply in Stevens' situation, but if the Court were to find that Stevens was "in custody" on the basis of those cases, this petition would constitute his one chance at federal habeas relief for both the 2003 conviction and the 2005 civil commitment, and his claim would be unsuccessful for the reasons dictated by Coss and discussed more fully below. R&R at 15-20. Judge Boylan also recommended that should Stevens argue in his Objections that he wants his current petition to be construed as a challenge to either his 2003 Goodhue County conviction or his 2005 civil commitment, the Court should dismiss the action with prejudice pursuant to Coss. Id. at 20, n.7. Stevens does argue in his Objections that he is "in custody" pursuant to both his 2003 Goodhue County conviction and his 2005 civil commitment, and therefore the Court will exercise jurisdiction and consider his argument.

In Coss, the Court answered the question of "whether § 2254 provides a remedy where a current sentence was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has fully expired." 532 U.S. at 401. The Court held that as a general rule § 2254 did not provide such a remedy stating, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." Id. at 403. An exception was carved out to this rule if "the

prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in Gideon v. Wainwright." Id. at 404.[3] Stevens now argues that his case falls within this Sixth Amendment violation exception, claiming he did not receive counsel for his post conviction challenge to his 1993 Alford plea conviction. Petitioner's Mem. at 1.

Under the Sixth Amendment, an indigent defendant is entitled to appointed counsel both at the time of trial and for one appeal as of right. See Gideon, 372 U.S. at 343, Douglas v. People of State of California, 372 U.S. 353, 357 (1963). Stevens directs the Court to a Minnesota Supreme Court case, which establishes that under the Minnesota Constitution an indigent defendant is entitled to appointed counsel for either a direct appeal or, if he decides not to pursue a direct appeal, one post conviction proceeding. Deegan v. Minnesota, 711 N.W.2d 89, 98 (2006). The Minnesota Supreme Court declined to determine whether such a right is required by the U.S. Constitution, see id. at 96-97, but Stevens argues this Court should conclude that it is constitutionally mandated.

Whether the Sixth Amendment to the U.S. Constitution requires appointed counsel for Stevens first post-conviction challenge of his 1993 Alford plea conviction is not an issue here because there is no evidence he was denied appointed counsel in that action. Stevens challenged his 1993 Alford plea conviction in a post-conviction motion in 2005. See Stevens, 2007 WL 152637, at *1. He now argues that he did not receive appointed counsel for that motion. In

---

[3] The Court considered two other exceptions to this rule for (1) constitutional claims a state court refuses to decide "without justification," and (2) claims based on compelling evidence exonerating the petitioner, that could not be uncovered in a timely manner. Coss, 532 U.S. at 405.

support of this argument, he has filed an Order from the Minnesota Court of Appeals in which that court found that his petition in case no. 46-K8-92-350 might be his first petition for post-conviction relief making him eligible for a public defender. Petitioner's Mem., Ex. B at 3. Case no. 46-K8-92-350 concerns a 1993 jury conviction in Martin County for first degree sexual assault not the 1993 Alford plea conviction.[4] There is no evidence in the record that Stevens did not receive appointed counsel for his Alford plea conviction (case no. K9-92-583). For these reasons, Stevens' 1993 Alford plea conviction is conclusively valid under the rule established in Coss, and his petition for habeas corpus relief is dismissed with prejudice. Stevens' motion for a stay is also denied as moot.

---

[4] Information regarding case nos. 46-K8-92-350 and K9-92-583 were accessed at the Minnesota Trial Court Public Access (MPA) Remote View website. See http://pa.courts.state.mn.us (last accessed January 21, 2009).

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 18] is **ADOPTED**;

2. Stevens' Objections [Docket No. 23] are **OVERRULED**;

3. Stevens' Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED**; and

4. Steven's Motion to Stay the Writ of Habeas Corpus [Docket No. 19] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 22, 2009.